IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALLEN M. NOVOTNY,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security;

        Defendant.

8:16CV529

MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Filing No. 25. Plaintiff initially filed this suit as an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") finding that plaintiff was not disabled pursuant to 42 U.S.C. §§ 401-434. This court reversed the Commissioner and found plaintiff disabled within the meaning of the Act. Filing No. 24.

Plaintiff requests an award of $9,965.54 in fees, after offset (if any), and $400.00 as reimbursement for the filing fee from the Judgment Fund. This amount consists of a request for 5.9 hours of attorney work at a rate of $192.68 in 2016 (performed by Thomas Krause and Mike Haller); 24.6 hours of attorney work at a rate of $175.00 in 2017 (performed by Wes Kappelman); and 23 hours of attorney work at a rate of $196.68 in 2017 (performed by Thomas Krause and Mike Haller) (Filing No. 25-1, p. 2). Plaintiff also requests $400 in costs as reimbursement for the filing fee. Id.

The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed;

and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *United States S.E.C. v. Zahareas,* 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). The fees awarded must be reasonable. A reasonable fee under 28 U.S.C. § 2412 does not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(D)(2)(A)(ii).

Furthermore, for a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. The Commissioner bears the burden of proving that her position is substantially justified. *Goad v. Barnhart,* 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner does not argue that her position was substantially justified.

The Commissioner does not object to an award of attorney fees, but she does object to the amount of attorney fees requested. Filing No. 26. The Commissioner lists a number of "tenths" of an hour wherein she disagrees with the requested fees. Filing No. 26, at 2-3. First, she contends that plaintiff cannot be compensated for work performed at the administrative level prior to the filing of the Complaint. *See e.g., Melkonyan v. Sullivan,* 501 U.S. 89, 94, 97 (1991); *Cornella v. Schweiker,* 728 F.2d 978, 988 (8th Cir. 1984). The Commissioner also contends that some of the supporting documents are not sufficient enough to support a request for fees. Filing No. 26 at 4-5. Last, the Commissioner contends that some of the listed tasks do not require the skills

2

of an attorney. *Id.* at 5-6. The Commissioner requests a reduction of 18.2 hours for these grievances.

The court finds that the plaintiff is entitled to attorneys' fees under the EAJA. The plaintiff is the prevailing party. Additionally, plaintiff's net worth did not exceed $2,000,000 at the time the civil action was filed. The plaintiff requests attorneys' fees totaling $9,965.44 for 53.5 hours of work. The hourly rate requested for attorneys Mike Haller and Tom Krause is $192.68 in 2016 and $196.68 in 2017; and for Wes Kappelman is $175.00. Filing No. 25-1. The plaintiff first bases the request for this hourly fee on the fact that the cost of leaving has increased substantially since 1996. Filing No. 25-1, ¶ 7. An increase for the cost of living is generally allowed. *Johnson v. Sullivan,* 919 F.2d 503, 508-10 (8th Cir. 1990). The court finds that the increase in cost of living justifies a fee higher than $125 an hour and that the rates requested by the plaintiff are reasonable. The court further finds that counsel are seasoned social security disability attorneys who generally charge $225.00 - $250.00 per hour for this work, 95% of which is for social security cases. Filing No. 25-1, p.3, ¶ 3. The court has carefully reviewed the hours submitted and finds them to be reasonable in all respects. Thus, the court concludes that both the amount requested and the hours expended are reasonable.

The court also finds that the arguments of the Commissioner are without merit. The hours requested by the plaintiff do not in fact include administrative costs. Further, the supporting documents are more than sufficient for purposes of making a fee award in this case. Last, the tasks listed by counsel for the plaintiff are generally those required by an attorney.

For these reasons, the court will grant the plaintiff's motion for attorneys' fees.

THEREFORE, IT IS ORDERED that:

1. The plaintiff's motion for attorneys' fees, Filing No. 25, is granted.

2. Pursuant to the Equal Access to Justice Act, attorneys' fees in the amount of $9,965.54 are payable to Mr. Novotny's attorneys, less any offset to satisfy a pre-existing debt to the United States.

3. Plaintiff is awarded $400.00 from the Judgment Fund for reimbursement of the filing fee.

Dated this 16th day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge